UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TODD JEUDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00604-RHH |
| ) | |
| SSM ST. CLARE HOSPITAL, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Todd Jeude's Application to Proceed in District Court Without Prepaying Fees and Costs. Doc. [7]. Based on Plaintiff's financial information, the Court grants his application and waives the filing fee. For the following reasons, on initial review, the Court (1) dismisses Plaintiff's EMTALA claims as time-barred and, alternatively, for failure to state a claim upon which relief may be granted, and (2) dismisses Plaintiff's state law claims without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action under the Emergency Medical Treatment and Active Labor Act (EMTALA) and state law, alleging Defendants negligently discharged him from the hospital after treating him for injuries sustained in a motorcycle accident. He names as Defendants SSM St. Clare Hospital, Koren Schram, PA, Dr. David Brummett, and Dr. Mathew Schwab.

On July 4, 2022, Plaintiff presented to the SSM St. Clare Hospital emergency room after a motorcycle/ATV accident. Doctors treated and bandaged his wounds, prescribed pain medication, and ordered x-rays and a CT scan. After the radiology reports showed Plaintiff's injuries were "unremarkable," medical staff stabilized Plaintiff's arm with a sling and discharged him. Doc. 1 at 9.

On July 12, 2022, Plaintiff's ear was red and swollen and he complained of severe pain and dizziness. Doctors at a different facility examined him and discovered he had an rubber ear fitting from his ear buds lodged in his ear canal. They removed it and treated the infection.

For relief, Plaintiff seeks $50,000 in damages on his EMTALA claims and $75,000 against each Defendant on his state law claims.

## Discussion

I.  **EMTALA**

    **(A)  The two-year statute of limitations bars Plaintiff's EMTALA claims.**

As a threshold matter, Plaintiff brings his case outside the two-year statute of limitations for EMTALA claims. *See* 42 U.S.C. § 1395dd(d)(2)(C). Plaintiff's injury occurred on July 4, 2022, and he had until July 4, 2024 to file this action. He filed this action more than nine months late, on April 29, 2025.

By filing a motion for relief under Local Rule 2.14, Plaintiff seeks to have these nine months tolled. *See* Doc. 2. He states that he attempted to file this action on July 3, 2024, but because of technical difficulties, the Court did not receive his complaint. He attaches email correspondence from July 5, 2024 showing that he attempted to file this action on July 3, 2024, but he addressed his filing to the Court's self-represented litigant email address, moed_srl_filings@moeduscourts.gov. The proper domain was moed.uscourts.gov. His emails did not reach the Court and his email provider returned the filings to him with the automated message, "Address not found. Your message wasn't delivered to moed_srl_fiilngs@moeduscourts.gov because the domain moeduscourts.gov couldn't be found. Check for typos or unnecessary spaces and try again." Doc. 4-1 at 5.

Plaintiff tried again to submit these filings on July 5, 2024, this time to the correct self-litigant email address, but he did not attach the documents he sought to

-4-

have filed. As a result, the Court did not open a case. Five months later, on December 19, 2024, Plaintiff followed up in writing to the Court, seeking information about his case. *See* Doc. 3-1 at 6. The Clerk responded, informing him that although the Court had received his July 5, 2024 email, he had not attached any filings and the Court did not open a case. Doc. 3-1 at 8. He filed the instant action on April 29, 2025.

"The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Davenport v. Charter Commc'ns, LLC*, 2014 WL 2993739, *4 (E.D. Mo. Jul. 3, 2014) (internal quotations omitted). Equitable tolling applies only in "extraordinary circumstances." *Id.* Courts consider whether the litigant can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* "And only circumstances 'truly beyond the plaintiff's control' are deemed exceptional." *Id.* (quoting *Jenkins v. Mabus*, 646 F.3d 1023, 1028-29 (8th Cir. 2011)).

Plaintiff's untimely filing was not due to any circumstances beyond his control. The Court did not receive Plaintiff's filing on July 3, 2024, because he entered the incorrect email address for the Court. The Court did not receive his filing on July 5, 2024, because, although he entered the correct email address, he did not

attach the documents he sought to have filed. Both these circumstances were uniquely within Plaintiff's control.

Plaintiff has not met his burden of showing he is entitled to equitable tolling of the nine months from the running of the statute of limitations to the date on which he filed his action. Therefore, the Court dismisses Plaintiff's EMTALA claims as time-barred.

**(B) Even assuming a tolling of the statute of limitations for Plaintiff's EMTALA claims, his claims fail on the merits.**

Although the Court finds Plaintiff's EMTALA claims time-barred, even if he had timely filed his claims, they are subject to dismissal on initial review for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress enacted the EMTALA to prevent "patient dumping," whereby a hospital refuses care to non-insured patients. *See Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1136 (8th Cir. 1996). "A patient is 'dumped' when he or she is shunted off by one hospital to another, the second one being, for example, a so-called 'charity institution.'" *Id.* "EMTALA requires a hospital to provide a patient with an appropriate medical screening and to stabilize a patient's condition or arrange for an appropriate transfer to another facility." *Quinn v. BJC Health Sys.*, 364 F. Supp. 2d 1046, 1053 (E.D. Mo. 2005). The statute provides:

> (b) Necessary stabilizing treatment for emergency medical conditions and labor
>
> (1) In general
>
> If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either –
>
> (A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or
>
> (B) for transfer of the individual to another medical facility in accordance with subsection (c).

42 U.S.C. § 1395dd

Plaintiff alleges Defendants discharged him from SSM St. Clare Hospital in violation of the EMTALA by "glossing over" his "serious injuries" and discharging him while he was unable to use his right arm or walk unassisted.  Doc. 1 at 5.  He also states that Defendants should have ordered "further radiological images" to reveal injuries to his arm.  *Id.* at 14.  "St. Clare treated [Plaintiff] to the second best and sent him on his way in serious pain, with serious dysfunction of a body part, and a foreign object in his ear." *Id.* at 15.

At the hospital, Defendant Schram, PA, examined him, ordered x-rays and a CT scan, and administered narcotic pain medication.  Nurses treated and dressed his wounds.  The x-rays and CT scan returned with unremarkable findings.  Doc 1 at 9.

-7-

Defendant Schram discussed these results with Plaintiff, and fitted him with an arm sling to immobilize his injured arm. Schram discussed with Plaintiff the possibility of another CT scan, but said it was "completely precautionary . . . and would probably reveal nothing." *Id.* Although unclear, it appears Plaintiff did not seek the second CT scan. Plaintiff states the hospital referred him to "an orthopedic" who "would order an MRI." *Id.* Then the hospital discharged him.

Two days later, Plaintiff began complaining of pain near his ear. After four more days, his pain had escalated to the point that he was seen by a doctor at the St. Louis City Justice Center.[1] On July 14, 2022, ten days after his accident, a doctor examined Plaintiff's right ear and extracted a "rubber ear fitting from his mp3 ear buds" that he had been wearing at the time of his accident. Doc. 1 at 11. Then the doctors treated him for an infection.

Viewing the facts in the light most favorable to Plaintiff, the Court finds he has failed to state a plausible claim for an EMTALA violation. Under EMTALA, hospitals have an obligation to screen and stabilize patients. "Stabilized" is defined as "to provide such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility."[2]

---

[1] On July 6, 2022, Plaintiff was arrested for a supervised release violation and held at the St. Louis City Justice Center.

[2] "Transfer" is defined as "the movement (including the discharge) of an individual outside a hospital's facilities at the direction of any person employed by . . . the hospital . . . ." 42 U.S.C. § 1395dd(e)(4).

42 U.S.C. §1395dd(e)(3)(B). EMTALA does not guarantee a proper diagnosis and it does not guarantee that additional treatment will not be required. *Quinn v. BJC Health Sys.*, 364 F. Supp. 2d 1046, 1054 (E.D. Mo. 2005). It does not guarantee that patients will be pain free upon discharge or that they will be ambulatory. Nor is it a substitute for a state law medical malpractice claim. *See Summers v. Baptist Med. Ctr. of Arkadelphia*, 91 F.3d 1132, 1137 (8th Cir. 1996) ("EMTALA is not a federal malpractice statute and it does not set a national emergency health care standard; claims of misdiagnosis or inadequate treatment are left to the state malpractice arena.").

As to Plaintiff's allegation that Defendants violated EMTALA by discharging him with a foreign object in his ear, his complaints of pain at the hospital were not isolated to his ear. He complained of pain to his entire right side: his shoulder, neck, arm, and leg. More than a week later, after Plaintiff experienced dizziness and debilitating pain near his right ear, doctors reexamined his ear and discovered the obstruction. Doc. 1 at 11. But, a later finding upon a different presentation of symptoms does not evidence an EMTALA violation. *See Summers*, 91 F.3d at 1137-38 ("[I]nstances of negligence in the screening or diagnostic process, or of mere faulty screening, are not [actionable under EMTALA]."). For these reasons, in the alternative, the Court dismisses Plaintiff's EMTALA claims for failure to state a claim upon which relief may be granted.

## II. State law claims

Counts II and III of Plaintiff's complaint contain state law claims over which the Court has no jurisdiction. *See Quinn*, 364 F. Supp. 2d at 1056. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. These claims will be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**. Doc. [7]

**IT IS FURTHER ORDERED** that Plaintiff's "Rule 2.14 Relief for Out of Time Commencement of Action Due To Technical Failure" is **DENIED**. Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff's EMTALA claims are **DISMISSED** as time-barred and, alternatively, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSSED** without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that any pending motions are **DENIED** as moot. Docs. [4] and [5]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 29th day of December, 2025.

                                                 _____
                                                 HENRY EDWARD AUTREY
                                                 UNITED STATES DISTRICT JUDGE